UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ANTONIO JACKSON and JAMARIO LOUGIN** | : | **CIVIL ACTION NO. 14-1045** |
| **VS.** | : | **JUDGE S. MAURICE HICKS** |
| **YRC, INC. d/b/a YRC FREIGHT, ET AL.** | : | **MAG. JUDGE KAREN L. HAYES** |
| | | **(consolidated with)** |
| **CALVIN L. FISHER** | | **CIVIL ACTION NO. 15-1060** |
| **VS.** | | |
| **YRC, INC. d/b/a YRC FREIGHT, ET AL.** | | |
| | | **(consolidated with)** |
| **LISA MALLARD** | | **CIVIL ACTION NO. 15-1219** |
| **VS.** | | |
| **YRC, INC. d/b/a YRC FREIGHT, ET AL.** | | |

**MEMORANDUM ORDER**

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel YRC, Inc.'s Rule 30(b)(6) deposition and assess costs [doc. # 93] filed by plaintiff, Lisa Mallard. The motion is unopposed. For reasons assigned below, the motion is GRANTED IN PART.[1]

**Background**

---

[1] As these motions are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

The instant discovery dispute is between plaintiff Lisa Mallard and defendant YRC, Inc. ("YRC"). Plaintiff alleges that William Dearman, in the course and scope of his employment with YRC, struck the back of the vehicle which she was a passenger. [doc. # 93-2, p. 2].

a)  Plaintiff's Rule 30(b)(6) Deposition of Corporate Representative

On an unspecified date, plaintiff sent served YRC with a Rule 30(b)(6) deposition notice. *Id.* Plaintiff listed several topics in the notice including Topic 6 regarding "[i]nformation contained on William Dearman's cell phone/smart phone in relation to his driving and on duty activities for YRC." [doc. # 93-1, p. 21]. YRC objected to this topic on the following grounds:

> This topic is overly broad, vague, and unduly burdensome. It is YRC's understanding that plaintiff received voluminous production of documents and data from the Caddo Parish Sheriff's Department from a download of Mr. Dearman's cell phone following the subject accident. As written, this topic would require YRC's corporate representative to review hundred's of pages of documents that YRC did not generate and the authenticity of which the witness can not confirm. Furthermore the vast majority of these documents have nothing to do with the subject accident. YRC will not present a witness to provide testimony on this topic.

*Id.* at 24. On February 12, 2016, during the deposition of Terry Budimlija, YRC's Corporate Representative, counsel for plaintiff introduced an exhibit designated as Exhibit 15. *Id.* at 41. The exhibit contained certain excerpts of phone records downloaded from Dearman's phone. *Id.* at 29-38. Counsel for YRC instructed Budimlija not to answer any questions related to these documents on the basis that these documents were not produced by YRC and Budimlija had not reviewed them prior to the deposition. *Id.* at 43.

b)  Plaintiff's First Request for Production

Plaintiff served YRC with a request for production of documents that sought "[p]rofit and loss statements from 2012 until the current date." (*See* Request No. 86 [doc. # 93-1, p. 49]). On

September 28, 2015, YRC responded, "[d]efendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." *Id.*

c) <u>Instant Motion</u>

Accordingly, on May 30, 2016, plaintiff Lisa Mallard filed the instant motion to compel defendant YRC to produce a Corporate Representative pursuant to Rule 30(b)(6) to respond to questions concerning William Dearman's telephone records and require YRC to produce documents related to YRC Inc.'s net worth. [doc. # 93-2]. Additionally, plaintiff seeks sanctions and the reimbursement of appropriate costs associated with the deposition. YRC failed to respond to the motion, and the time do so has lapsed. *See* Notice of Motion Setting [doc. # 97]. Accordingly, the motion is deemed unopposed. *Id.*

<u>Analysis</u>

**I.     Plaintiff's Rule 30(b)(6) Deposition of Corporate Representative**

Rule 30(b)(6) allows parties to obtain testimony from a corporation, provided the party describes with reasonable particularity the matters for examination. FED. R. CIV. P. 30(b)(6). Once the corporation is notified, it must designate one or more representatives to testify on its behalf. *Id.* The designated individual must testify about information known or reasonably available to the organization. *Id.* Rule 30(b)(6) is designed "'to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself.'" *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2103, at 33 (2d ed. 1994)).

As a result, once in receipt of a 30(b)(6) notice of deposition, a corporation "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Id.* (internal quotations omitted) (alteration in original).

Here, YRC objects that the information contained in Topic 6 is not within the Corporate Representative's knowledge. However, as noted above, "the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Brazos*, 469 F.3d at 433. Additionally, YRC stated in their written objections that the information contained in Topic 6 was unduly burdensome. Plaintiff has stated in her motion to compel that, "[p]laintiff agrees to limit the questions to information contained in Exhibit 15 to the Deposition of Terry M. Budimlija." Thus, the court finds that YRC shall produce a Corporate Representative for deposition prior to trial to answer questions related to Topic 6.

## II.     Plaintiff's First Request for Production

Rule 34 dictates that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . or any tangible things" that are within the "party's possession, custody, or control . . ." FED. R. CIV. P. 34(a)(1). Rule 34's definition of "possession, custody, or control," includes more than actual possession or control of the materials; it also contemplates a party's "legal right or practical ability to obtain the materials from a nonparty to the action." *White v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3423388 (M.D. La. Aug. 4, 2011 (citations omitted). A party must "make a reasonable search of all sources reasonably likely to contain responsive documents." *Id*.

4

A party also is "charged with knowledge of what its agents know or what is in records available to it." *Autery v. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. Aug. 4, 2011) (citation omitted).

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed . . ." *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citations omitted). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id*. Furthermore, in the absence of good cause, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, then any objections thereto are waived. *In re: United States of America*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see also* FED. R. CIV. P. 33(b)4).

Finally, a party seeking discovery may move for an order compelling an answer, production, or inspection if a party, *inter alia*, fails to answer an interrogatory or fails to produce requested documents. FED. R. CIV. P. 37(a)(3)(B)(iii-iv). An evasive or incomplete answer or response is treated as a failure to answer or respond. FED. R. CIV. P. 37(a)(4).

In this case, where plaintiff claims entitlement to punitive damages, she has moved to compel defendant to produce information related to YRC's financial condition and net worth due to the fact that there is a claim by plaintiff for punitive damages. [doc. # 93-2]. However, a party must make a factual showing that a viable claim for punitive damages exists before a Court can allow discovery of a party's sensitive financial information. *See Moore v. Wayne Smith Trucking Inc.*, 2015 WL 6438913, at *4 (E.D. La. Oct. 22, 2015); *see also Smith v. Schmidt & McGarland*

5

*Firm*, 2008 WL 1716646, at *1 (N.D. Miss. Apr. 9, 2008) ("a conclusory demand for punitive damages is normally insufficient to require disclosure of sensitive financial data"). Plaintiff failed to submit sufficient facts for the court to determine if plaintiff has a viable claim for punitive damages. Thus, the motion to compel documents concerning YRC's net worth is denied at this time.[2]

### Conclusion

For the foregoing reasons,

IT IS ORDERED that the motion to compel discovery responses and Rule 30(b)(6) deposition of defendant, YRC, Inc., and request for costs [doc. # 93] filed by plaintiff Lisa Mallard is GRANTED IN PART. Within the next thirty days (30) days from the date of this order, defendant YRC, Inc., shall produce a corporate representative for deposition regarding the information as detailed in the body of this opinion.

IT IS FURTHER ORDERED that the motion [doc. # 93], including the request for fees, expenses, and/or costs, otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 27th day of June 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] Further, the Court declines to impose sanctions under the circumstances.